IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02698-BNB

TODD ANTHONY AURIT, Christian Sovereign, Secured Party Creditor,

        Plaintiff,

v.

NANCY HOPF,
PAUL KING,
RICHARD CASHETTE,
THOMAS J. CURRY,
CAROL CHAMBERS,
DARREN VAHLE,
RYAN BRACKLEY,
CHERYL LAYNE,
KATHY MCGUIRE,
JOHN BECKER, and
KYLE DUMLER,

        Defendants.

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 3 1 2011

GREGORY C. LANGHAM
                    CLERK

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Todd Anthony Aurit, is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the Crowley County

Correctional Facility.  Mr. Aurit has filed *pro se* on the Prisoner Complaint form an

amended complaint he titled an "Admiraltly [sic] Action In Rem" complaint.  As relief, he

seeks money damages and his release from incarceration.  To the extent Mr. Aurit

seeks release from incarceration, his sole federal remedy is a writ of habeas corpus,

after he has exhausted state court remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475,

504 (1973).

Mr. Aurit has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  The Court must construe Mr. Aurit's filings liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Aurit will be directed to file an amended complaint.

Mr. Aurit's complaint is generally unintelligible.  However, he is suing the same defendants he sued in a separate action initiated pursuant to 28 U.S.C. § 1983.  *See Aurit v. Douglas County Dist. Court*, No. 10-cv-02703-LTB (D. Colo. Dec. 28, 2010).  The complaint and the action in No. 10-cv-02703-LTB were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) as legally frivolous and for seeking monetary relief against defendants who are immune from such relief.  "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."  *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

The Court finds that Mr. Aurit's amended complaint in the instant action does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery*

2

*Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R.

Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network,*

*Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022

(10th Cir. 1992).  Rule 8(a) provides that a complaint "must contain (1) a short and plain

statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement

of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief

sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that

"[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and

(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading

rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

     As a result of his vague and confusing allegations, Mr. Aurit fails to provide "a

generalized statement of the facts from which the defendant may form a responsive

pleading."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th

Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is

permissible, if the complaint concisely states facts upon which relief can be granted

upon any legally sustainable basis."  *Id.*

     It is Mr. Aurit's responsibility to present his claims in a manageable and readable

format that allows the Court and the defendants to know what claims are being

asserted and to allow the defendants to respond to those claims.  Mr. Aurit must allege,

simply and concisely, his specific claims for relief, including the specific rights that

allegedly have been violated and the specific acts of each defendant that allegedly

violated his rights.  The general rule that *pro se* pleadings must be construed liberally

has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Aurit will be given an opportunity to cure the deficiencies in his amended complaint by submitting a second amended complaint that states his claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate why each named defendant is being sued.

Accordingly, it is

ORDERED that Plaintiff, Todd Anthony Aurit, **within thirty (30) days from the date of this order**, file a second amended complaint that complies with this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Aurit, together with a copy of this order, two copies of the following form, one of which is to be used in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Aurit fails to file a second amended complaint

4

that complies with this order within the time allowed, the amended complaint and the

action will be dismissed without further notice.

DATED January 31, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02698-BNB

Todd Anthony Aurit
Prisoner No.  127586
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on January 31, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk