F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 2 8 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02698-BNB

TODD ANTHONY AURIT, Christian Sovereign, Secured Party Creditor,

      Plaintiff,

v.

NANCY HOPF,
PAUL KING,
RICHARD CASHETTE,
THOMAS J. CURRY,
CAROL CHAMBERS,
DARREN VAHLE,
RYAN BRACKLEY,
CHERYL LAYNE,
KATHY MCGUIRE,
JOHN BECKER, and
KYLE DUMLER,

      Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Todd Anthony Aurit, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Crowley County, Colorado, correctional facility. Mr. Aurit filed *pro se* on the Prisoner Complaint form an amended complaint he titled an "Admiraltly [sic] Action In Rem" complaint. As relief, he sought money damages and his release from incarceration. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

On January 31, 2011, Magistrate Judge Boyd N. Boland entered an order informing Mr. Aurit that to the extent he sought release from incarceration his sole

federal remedy is a writ of habeas corpus after he exhausts state court remedies and directed Mr. Aurit to file within thirty days a second amended complaint. Magistrate Judge Boland noted that the amended complaint was unintelligible and specifically directed that the second amended complaint comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On March 1, 2011, Magistrate Judge Boland granted Mr. Aurit's request for an extension of time and allowed him an additional thirty days in which to submit the second amended complaint. On March 21, 2011, Mr. Aurit filed *pro se* on the Prisoner Complaint form a second amended complaint titled an "Admiralty Action In Rem" complaint. He asks for money damages and his release from incarceration, among other relief. On the same day, he also filed a document titled "D. Cause of Action: Affidavit in Support of 'Admiralty Action' Complaint for Enforcement of Maritime Lien Pursuant ot [sic] F. R. C. P. Rule 9(H) Supplemental Rule (C) 'In Rem Action' and Motion for Arrest Warrant and Execution of Process."

The Court must construe Mr. Aurit's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the second amended complaint and the action will be dismissed.

Other than the allegation that he was sentenced to seventy-two years in the DOC, Mr. Aurit's second amended complaint is generally unintelligible. The Court notes that Mr. Aurit is suing the same defendants he sued in a separate action initiated

2

pursuant to 28 U.S.C. § 1983. *See Aurit v. Douglas County Dist. Court*, No. 10-cv-02703-LTB (D. Colo. Dec. 28, 2010). In both No. 10-cv-02703-LTB and the instant action, he sued Nancy Hopf, Paul King, Richard Cashette, Thomas J. Curry, and Carol Chambers, Douglas County district judges; Darren Vahle, deputy district attorney; Ryan Brackley, district attorney; Cheryl Layne, clerk of court; Kathy McGuire and John Becker, public defenders; and Kyle Dumler, deputy attorney general. The complaint and the action in No. 10-cv-02703-LTB were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) as legally frivolous and for seeking monetary relief against defendants who are immune from such relief. "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

The Court finds that Mr. Aurit's second amended complaint in the instant action does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. In the January 31 order for a second amended complaint, Magistrate Judge Boland explained that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). He also explained that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See*

3

*TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). He further explained that Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Magistrate Judge Boland pointed out that the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." He also pointed out that, taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

As a result of the vague and confusing allegations in the second amended complaint, Mr. Aurit has failed to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). In the January 31 order for a second amended complaint, Magistrate Judge Boland noted that, for the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Magistrate Judge Boland emphasized that it is Mr. Aurit's responsibility to present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. He further emphasized that Mr. Aurit must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated

4

and the specific acts of each defendant that allegedly violated his rights. He stated that

the general rule that *pro se* pleadings must be construed liberally has limits and "the

Court cannot take on the responsibility of serving as the litigant's attorney in

constructing arguments and searching the record." *Garrett v. Selby Connor Maddux*

*& Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's

sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th

Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The

Court finds that the second amended complaint does not meet the requirements of Fed.

R. Civ. P. 8, and must be dismissed.

Accordingly, it is

ORDERED that the second amended complaint and the action are dismissed

without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the

failure of Plaintiff, Todd Anthony Aurit, within the time allowed, to file a second

amended complaint that complies with Fed. R. Civ. P. 8 or with the directives of the

January 31, 2011, order for a second amended complaint. It is

FURTHER ORDERED that the motion titled "Motion for Arrest and Execution of

Process" (docket no. 18) is denied as moot.

DATED at Denver, Colorado, this __28th__ day of ___March_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-02698-BNB

Todd Anthony Aurit
Prisoner No.  127586
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

     I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on March 28, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk